**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
ORLANDO DIVISION

**FILED**

JAN 25 2018

CLERK U.S. BANKRUPTCY.
ORLANDO DIVISION

CASE NO.: 6:15-bk-01838-KSJ

Chapter 7

In re:

JODELL M. ALTIER.,

Debtor.

_____/

### DEBTOR'S MOTION for ACCEPTANCE of DEBTOR'S NOTICE OF APPEAL OUT OF TIME/MOTION FOR EXTENDING THE TIME TO APPEAL

The Debtor, JODELL ALTIER files this Motion for Acceptance of Debtor's Notice of Appeal Out of Time pursuant to Bankruptcy Rule 8002(d) and as grounds states the following:

1. Debtor filed her Notice of Appeal on January 5, 2018 of the Court's Order Denying Debtor's Motion for Reconsideration of Sale entered on December 21, 2018. Debtor is Pro Se and the Notice was filed only one day late.

2. Pursuant to Federal Rules of Bankruptcy Procedure 8002(d), Debtor timely files (within twenty one (21) days of the appeal due date of January 4, 2018) this Motion for Acceptance of the Notice of Appeal Out of Time/Motion for Extending Time to Appeal.

3. Rule 8002(d) gives this Court discretion to extend the time for filing a notice of appeal based on excusable neglect.

4. Debtor is now Pro Se, searching for a new bankruptcy attorney, and asserts that the filing of the Notice of Appeal on January 5, 2018 instead of January 4, 2018 was due to excusable neglect.

5.  Debtor received the Court' s Order denying Debtor's Motion for Reconsideration of Sale on December 21, 2017, right before the holidays.

6.  Debtor's current bankruptcy counsel has unforeseen medical issues which prevent him from continuing representation of Debtor in the case.

7.  Debtor has been searching for a new attorney to handle the bankruptcy case but has not yet been able to retain one.

8.  Debtor understood that there was additional time for filing the Notice of Appeal of the December 21, 2017 Order due to the intervening holidays.

9.  The intervening holidays have also slowed the process of being able to obtain new counsel.

10. What constitutes excusable neglect for purposes of the Bankruptcy Rules is set forth in the Supreme Court case of *Pioneer Investment Services Company v. Brunswick Associates Limited Pship.*, et.al., No 91-1695, 507 US 380 (1993).

11. In Pioneer, the Court stated that excusable neglect should generally be determined by the Bankruptcy Court based on the following factors as set forth in In Re Dix, 95 B.R. 134 (CA9 Bkrptcy. Appellate Panel 1988): 1) whether granting the delay will prejudice the parties; 2) the length of the delay and its impact on efficient court administration; 3) whether the delay was beyond the reasonable control of the person whose duty  it was to perform; 4) whether the party acted in good faith; and 5) whether clients should be penalize for their counsel's mistake or neglect.

12. However, in Pioneer, the Supreme Court agreed with the decision of the US Court of Appeals for the Sixth Circuit and stated that excusable neglect was not limited to cases where the failure to act was due to circumstances beyond the movant's control.

13. In Pioneer the Court stated "At the same time, reading Rule 9006(b)(1) inflexibly to exclude every instance of an indvertent or negligent omission would ignore the most natural meaning of the word "neglect" and would be at odds with the accepted meaning of that word in analgous contexts."

14. Debtor admits that there was neglect by Debtor in not filing the Notice of Appeal timely. However, Debtor asserts that the neglect was excusable given that the Order was entered just before the holidays and that Debtor is now Pro Se and has been diligently searching for new bankruptcy counsel.

15. In Pioneer the Court stated that whether neglect is excusable is at bottom line an equitable one, taking into account all relevant circumstances surrounding the omission.

16. The fifth factor in Dix of a party being responsible for counsel's mistake or neglect is not applicable in this case since the Debtor is Pro Se.

17. As to the Dix factors 1 and 2, the granting of an extension for filing the Notice of Appeal in this case will not prejudice the parties and will have very little effect on efficient court administration as it was filed only one day late. The length of the delay is minimal- one day.

18. The Debtor acted in good faith and to the best of her ability in filing the Notice of Appeal on January 5, 2018.

19. The applicable law is clear in Florida that pro se parties are not held to the same standards are parties represented by counsel.

20. In In Re Gurrola bankruptcy, BAP CC-04-1182-KMOB, on June 5, 2005, as to an appeal of an Order of the Bankruptcy Court granting a motion for extension of filing a notice of appeal, the US Bankruptcy Appellate Panel for the Ninth Circuit stated: " The Court took that admission into account and decided, in its discretion, that the Pioneer factors weighed **in favor of leniency** and in favor granting this extension."

21.   This motion is made in good faith by Debtor. Debtor asserts that given the facts and circumstances of this case and the factors applicable in determining excusable neglect, equity demands that that this Motion be granted.

**WHEREFORE,** I respectfully request this Honorable Court grant this Motion for Acceptance of Debtor's Notice of Appeal of the Order Denying Debtor's Motion for Reconsideration of Sale Out of Time/Motion to Extend Time for Appeal and accept the Notice of Appeal filed January 5, 2018 as timely.

Respectfully Submitted,

_____

Jodell Altier, Pro Se
913 Sycamore Lane
Altamonte Springs, FL 32714

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via Mail or Electronic Mail to the following parties: Gene T. Chambers, Trustee, P.O. Box 533987, Orlando, Florida 32801, U.S. Trustee, United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Florida 32801, Justin Luna, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, Florida 32801 at jluna@lseblaw.com, Michael Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Suite 102, Orlando, Florida 32801 at mnardella@nardellalaw.com this 25th day of January, 2018.

_____

Jodell Altier, Pro Se
913 Sycamore Lane
Altamonte Springs, FL 32714