UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| **In re:** | **CASE NO. 6:15-bk-01838-KSJ** |
| **JODELL M. ALTIER,** | **CHAPTER 7** |
| Debtor. | |
| _____/ | |

**SUPPLEMENT TO THE MOTION FOR ADDITIONAL SANCTIONS AGAINST JODELL ALTIER AND JOSEPH ALTIER FOR VIOLATING THE COURT'S CIVIL CONTEMPT ORDER AND FOR AN ORDER TO SHOW CAUSE WHY GEORGIANN JERECZEK AND KELLEY A. BOSECKER SHOULD NOT BE HELD IN CIVIL CONTEMPT (DOC NO. 206)**

**GOSHEN MORTGAGE, LLC** ("Goshen"), by and through its undersigned attorneys, and pursuant to 11 U.S.C. § 105(a), Local Rule 1001-1(c) and this Court's various orders, files its supplement to Goshen's Motion for an order levying additional sanctions against Jodell M. Altier (the "Debtor") and Joseph E. Altier ("Mr. Altier") (the Debtor and Mr. Altier are hereinafter collectively referred to as the "Altiers"), for further violations of the Court's orders. Additionally, Goshen moves this Court for an order to show cause why Georgiann Jereczek ("Jereczek") and Kelley A. Bosecker ("Ms. Bosecker") should not be held in civil contempt for violating this Court's orders (the "Motion")(Doc. No. 206).

**RELEVANT BACKGROUND**

1. On December 20, 2016, Goshen filed the Motion seeking sanctions against the Debtor, Ms. Bosecker, Mr. Altier and Jereczek based on actions taken and position raised in violation of this Court's orders.

2. Notably, Jereczek, the Debtor's 82 year old mother, filed an identical motion to dismiss as those previously filed by the Debtor and Mr. Altier in the Ejectment Action relating to the

Roat Drive Property, which Goshen now owns free and clear within days of the Debtor and Mr. Altier withdrawing their motion to dismiss (the "Jereczek Motion to Dismiss").

3. On December 19, 2016, Judge Schreiber entered an order denying the Jereczek Motion to Dismiss, demanding that Jereczek file an *answer* to the unlawful detainer action by January 9, 2017. A true and correct copy of the order is attached hereto as **Exhibit "A."**

4. On January 9, 2017, Jereczek did not file an answer, but instead filed another motion to dismiss on almost identical grounds as those rejected by Judge Schreiber, with one very notably addition: another challenge to Goshen allowed claim (the "Second Motion to Dismiss"). A true and correct copy of the Second Motion to Dismiss is attached hereto as **Exhibit "B."**

5. The Second Motion to Dismiss directly challenges Goshen's standing as owner of the Property based on the unfound theory that the "…Note filed with the Court is not the original note." ¶ 2, Second Motion to Dismiss.

6. The Second Motion to Dismiss also alleged that Ms. Altier is the true owner of the Property. ¶ 3, Second Motion to Dismiss.

7. Lastly, the Second Motion to Dismiss argues, incorrectly, that GLG is the titleholder, but that only Mr. Altier and Mrs. Altier can take action on behalf of GLG and asks that the state court stay the Ejectment Action (which was already denied) pending the appeal filed in the Bankruptcy Court. ¶ 9-17, Second Motion to Dismiss.

8. The Second Motion to Dismiss, identical to the position taken by the Debtor and Mr. Altier, violates the Claims Objection Bar Date, the Real Property Sale Order and this Court's Substitution Order, declaring that Goshen has complete control over GLG.

9. Ms. Bosecker and Jereczek had actual notice of each of the referenced Bankruptcy Court Orders, but elected to raise these frivolous arguments in the Ejectment Action with the sole purpose of delaying Goshen taking possession of the 2507 Roat Drive Property.

**WHEREFORE**, Goshen requests that this Court enter an order: (i) imposing additional sanctions against the Altiers including imprisonment or a significant monetary sanction to be paid to the Court within ten (10) days; (ii) commanding Jerezcek and Ms. Bosecker to appear before this Court and show cause as to why they should not be held in contempt of Court and arrested; (iii) awarding Goshen its attorneys' fees and costs associated with this Motion and any further action necessary to defeat Jereczek's Motion to Dismiss; and (iv) awarding such other and further relief as this Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 11th day of January, 2017.

/s/ Justin M. Luna
Justin M. Luna, Esq.
jluna@lseblaw.com
Florida Bar No.: 0037131
Daniel A. Velasquez, Esq.
dvelasquez@lseblaw.com
Florida Bar No. 0098158
**LATHAM, SHUKER, EDEN & BEAUDINE, LLP**
111 N. Magnolia Avenue, Suite 1400
Orlando, Florida 32801
Tel: 407-481-5800
Fax: 407-481-5801
*Attorneys for Goshen Mortgage, LLC*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                      CASE NO. 6:15-bk-01838-KSJ

**JODELL M. ALTIER,**                  CHAPTER 7

            Debtor.
_____/

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the **SUPPLEMENT TO THE MOTION FOR ADDITIONAL SANCTIONS AGAINST JODELL ALTIER AND JOSEPH ALTIER FOR VIOLATING THE COURT'S CIVIL CONTEMPT ORDER AND FOR AN ORDER TO SHOW CAUSE WHY GEORGIANN JERECZEK AND KELLEY A. BOSECKER SHOULD NOT BE HELD IN CIVIL CONTEMPT**, together with all exhibits, has been filed via CM/ECF and furnished by U.S. First Class, postage prepaid mail to: Jonathan Bull, Esq., a/f **Jodell M. Altier and Joseph Altier**, The Liberty Law Team, LLC, 172 W. Warren Avenue, Longwood, Florida 32750, via email to jbull@circuit9.org; **Gene T Chambers, Trustee**, c/o Michael A. Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Suite 102, Orlando, Florida 32801, mnardella@nardellalaw.com; Kelley A. Bosecker, a/f Georgiann Jereczek, 1400 Gandy Boulevard, #706, St. Petersburg, Florida 33702, sbosekcer@tampabay.rr.com, kbosecker@tmo.blackberry.net, and the U.S. Trustee, 400 W Washington Street, Suite 1100, Orlando, FL 32801, this 11th day of January 2017.

                                                             /s/ Justin M. Luna
                                                             Justin M. Luna, Esq.

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA
CIVIL DIVISION

GRANDE LEGACY GROUP, a Texas joint-stock company,

    Plaintiff,

v.

JODELL M. ALTIER, an individual; JOSEPH E. ALTIER, an individual; JENNIFER E. SANDMAN, an individual; and UNKNOWN PERSON IN POSSESSION #1,

    Defendants.

FILED IN OPEN COURT 12-19-16
Clerk, Cir. Ct., Orange Co., FL
By _____ D.C.

Case No.: 2016-CA-8082

_____/

## ORDER ON AMENDED MOTION FOR SUBSTITUTION OF PLAINTIFF, TO AMEND STYLE OF CASE, AND FOR LEAVE TO FILE AMENDED COMPLAINT

THIS MATTER came before the Court on December 19, 2016, at 1:30 p.m., upon the Amended Motion for Substitution of Plaintiff, to Amend Style of Case, and for Leave to File Amended Complaint (the "Motion") filed herein by plaintiff, Grande Legacy Group ("GLG"), and proposed substitute Plaintiff, Goshen Mortgage, LLC ("Goshen"). The Court has reviewed the Motion, heard argument from counsel, and is otherwise duly advised in the premises. It is thereupon

ORDERED and ADJUDGED as follows:

1. The Motion is hereby GRANTED.

2. Goshen Mortgage, LLC is substituted for Grande Legacy Group as Plaintiff in this action.

3. The case style shall be amended to reflect that Goshen Mortgage, LLC has been substituted for Grande Legacy Group as Plaintiff in this action.

EXHIBIT "A"

4. The Second Amended Complaint attached to the Motion as Exhibit "9" is deemed filed as of the date of this Order.

5. Defendants shall have __20__ days from the date of this Order within which to serve their responses to Count I of the Second Amended Complaint for Ejectment.

6. Defendants shall have __20__ days from the date of this Order within which to serve their answers to Count II of the Second Amended Complaint for Unlawful Detainer.

DONE and ORDERED in Orlando, Florida this __19th__ day of __December__, 2016.

_____
The Honorable Margaret H. Schreiber
Circuit Judge

Copies furnished to:

Justin M. Luna, Esq.
Christina Y. Taylor, Esq.
Latham, Shuker, Eden & Beaudine, LLP
111 N. Magnolia Avenue, Suite 1400
Orlando, FL 32801

Kelley A. Bosecker, Esq.
1400 Gandy Boulevard, #706
St. Petersburg, Florida 33702

2

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY FLORIDA
CIVIL DIVISION

GOSHEN MORTGAGE, LLC, a Delaware
limited liability company,

CASE NO.: 2016-CA-8082

Plaintiff,

v.

JODELL M. ALTIER, *et al.*,

Defendants.
_____/

## DEFENDANT'S MOTION TO DISMISS THE PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, GEORGIANN JERECZEK, Unknown Tenant in Possession (hereinafter "Jereczek"), by and through the undersigned counsel, and hereby files her Motion to Dismiss the Plaintiff's, Goshen Mortgage, LLC, (hereinafter "Plaintiff") Second Amended Complaint, and in support states the following:

1. Jereczek is a resident of the subject property.

2. The Complaint was served on Jereczek as Unknown Tenant in Possession on October 13, 2016.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

1. The function of a motion to dismiss a Complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. *Connolly v. Sebco,Inc.*, 89 So. 2d 482 (Fla. 1956). For the purpose of a motion to dismiss, the Court is required to accept as true all well-pleaded allegations of the Complaint. *Brown v. First Federal Savings and Loan*, 160 So.2d 556 (Fla. 1st DCA 1964). However, the Court is not required to accept as true allegations that are inconsistent with law. *Brown*, 160 So. 2d at 563. ("Semantics cannot be employed for

**EXHIBIT "B"**

the purpose of refuting facts clearly shown to exist or used to create a fictional relationship, one that otherwise would have no existence in the law.") The pleading must be construed against the pleader in determining whether the necessary allegations have been stated. *Matthews v. Matthews*, 122 So. 2d 571 (Fla. 2d DCA 1960).

2. "The purpose of a motion to dismiss is to ascertain if the Plaintiff has alleged a good cause of action." *See Connolly v. Sebeco, Inc.*, 89 So. 2d 482 (Fla. 1956).

3. In ruling on a Defendants' motion to dismiss, a Trial Court is limited to the four corners of the Complaint, and it must accept all the allegations in the Complaint as true. *See Lutz Lake Fern Rd. Neighborhood Groups, Inc. v. Hillsborough County*, 779 So.2d 380, 383 (Fla. 2d DCA 2000).

## ARGUMENT

1. Plaintiff has not stated valid claims for possession of the property.

2. The Final Judgement of Foreclosure as to the subject property in Orange County Case No.: 2013-CA-12147 is invalid because the Note filed with the Court is not the original note. See attached Report of Gary Michaels, document expert, **Exhibit A.**

3. The Statement of Plaintiff's Chain of Title attached to the Second Amended Complaint is wrought with inconsistencies and errors. The second Deed listed as to the subject property is from Debra, Inc. to Jodell M. Altier, a married woman. How then can the third and fourth Deeds allegedly transferring the property to Grande Legacy Group ("GLG") be from Jodell M. Altier and Joseph E. Altier, Trustees and Jodell M. Altier and Joseph E. Altier? Joseph Altier never had an interest in the subject property. Therefore, the subject property has never been legally transferred to GLG or to Plaintiff Goshen.

2

4. In addition, the date on the referenced second Deed in the Plaintiff's Statement of Chain of Title is incorrectly stated as being March 14, 2016.

5. Therefore, Plaintiff has not met the requirements of Florida Statutes Chapter 66 for this ejectment action.

6. Exhibits attached to a Complaint are a part of the Complaint. *See* Bott v. City of Marathon, 949 So.2d 295 (Fla 3rd DCA 2007) ("when considering a motion to dismiss, a trial court is required to consider any exhibit attached to, or incorporated in the pleading"). *See also* Harry Pepper & Assoc., Inc. v. Lasseter, 247 So.2d 736 (Fla. 3rd DCA 1971) (stating "[i]n considering a motion to dismiss the trial court was required to consider the exhibit . . . attached to and incorporated in the amended complaint" and quoting Florida Rule of Civil Procedure 1.130(b), providing that "[a]ny exhibit attached to a pleading shall be considered a part thereof for all purposes").

7. As such, an exhibit attached to a Complaint is a part of the Complaint and may be considered when ruling on a motion to dismiss and considering exhibits attached to a Complaint does not violate the "four corners" rule.

8. Further, exhibits attached to a Complaint must agree with the allegations of the Complaint, **and where two do not agree, the exhibits control**. *See also*, Geico Gen. Ins. Co. V. Graci, 849 So.2d 1196 (Fla. 4th DCA 2003) and Ginsberg v. Lennar Fla. Holdings, Inc. 645 So.2d 490, 494 (Fla. 3d DCA 1994) (where exhibits contradict complaint allegations, plain meaning of exhibits control). Harry Pepper & Associates V. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971); Hlt Application Sys. V. Hartford Life, 381 So.2d 294 (Fla. 1st DCA 1980); see also BAC Funding Consortium v. Jean-Jacques, 28 So. 3d 936, 938 (Fla. 2d DCA 2010).

3

9. On July 14, 2016, Goshen Mortgage acquired 1000 bearer shares of stock of GLG at auction from the Bankruptcy Trustee in case # 6:15-bk-01838-KSJ. Goshen is invalidly basing its claims in this action on its acquistion of GLG.

10. Defendant asserts that Goshen's acquisition of the 1000 shares of GLG stock does not give Goshen as a shareholder of GLG any rights in the subject property or the right to take action on behalf of GLG because both the plain language of the GLG By-Laws and the nature of the shares purchased prevent any such interest in the property or action by Goshen on behalf of GLG.

11. Paragraph 3 on Page 1 of the GLG Articles clearly states that:

"The exclusive right to appoint trustees or successor trustees only vests with the original exchangors or exchangors as shareholders." In this case, the original exchangors are Joseph and Jodell Altier. According to the plain language of the document, only the Altiers are allowed to appoint a trustee. No subsequent trustee, including Trustee Lavine, has the authority to appoint another trustee. Therefore, even though Goshen is a shareholder, they do not have power to take action on behalf of GLG, hire an attorney on behalf of GLG or file this lawsuit. Only the Altiers have those powers.

12. Paragraph 3, page 2 of the GLG By-Laws provides that a court of competent jurisdiction is the only other entity able to appoint a trustee, and then only after the death of the Altiers as exchangors.

13. Paragraph 3, page 4 of the GLG By-Laws expressly states in relevant part as follows: "Ownership of the shares shall not entitle the holder to any legal title or equitable title in or to the company or company property, nor any undivided interest therein, nor in the management right or voting rights thereof ..."

4

14. There is no written partnership agreement and no written consent of any kind between either the Altiers or Trustee Lavine to permit anyone other than them to act on behalf of GLG.

15. Finally, the GLG Shares themselves expressly state that the bearer has no ownership interest in the company or it's assets, just a right to continent income.

16. Based on the provisions of the GLG By-Laws which clearly prohibit a shareholder from acquiring ownership in the Texas Joint Stock Company through purchase of the stock, no one is permitted to take ownership of the company, remove the GLG Trustees, claim ownership of GLG property or take action on behalf of GLG other the Tstees of GLG, Jodell Altier, Joseph Altier and Darrin C. Lavine.

17. The issue of Goshen's rights to act on behalf of GLG is currently on appeal to the U.S. District Court for the Middle District of Florida, from a decision in the Bankruptcy Case In Re: Jodell Altier, Debtor, Case # 6:15-bk-01838-KSJ. (See Amended Notice of Appeal attached as **Exhibit B**). Therefore, any action that would provide a judgment to Plaintiff in this case must be at the very least deferred until a decision of the Middle District Court is made in the appeal.

5

WHEREFORE, based upon the foregoing, Jereczek respectfully requests this Court dismiss Plaintiff's Second Amended Complaint, award attorney's fees and costs to the Defendant pursuant to Fla. Stat. §57.105(7) for such fees wrongfully incurred by Jereczek by the necessity of response to the Complaint, or in the alternative defer a decision in this case until a decision on the appeal in the Bankruptcy Case is made by the U.S. District Court for the Middle District of Florida, and any other relief the Court deems just and proper.

Respectfully Submitted,

/s/ Kelley A. Bosecker
Kelley A. Bosecker
Attorney at Law
1400 Gandy Boulevard, #706
St. Petersburg, Florida 33702
813-334-1745
Fax: 727-258-8699
Florida Bar No. 0443931
sbosecker@tampabay.rr.com
kbosecker@tmo.blackberry.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by E-mail to the following parties: Justin M. Luna, Esq., Christina Y. Taylor, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, FL 32801, jluna@lseblaw.com, ctaylor@lseblaw.com, Attorneys for Plaintiff on this 9TH day of January 2017.

/s/ Kelley A. Bosecker
Kelley A. Bosecker
Attorney at Law