FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION    JUL -6  AM 11: 54

IN Re: Jodell M. Altier,

    Appellant,                                                     Case No.: 6:18-cv-438–Orl-28

vs.

Goshen Mortgage, LLC

    Appellee,
_____/

## APPELLANT'S RESPONSE TO JUNE 26, 2018 COURT ORDER and APPELLEE's MOTION TO DISMISS, MOTION TO REMOVE ALLAN CAMPBELL as COUNSEL and MOTION FOR EXTENSION TO FILE INITIAL BRIEF

**Comes Now**, Appellant, Jodell Altier, Pro Se, and hereby files this Response To June 26, 2018 Court Order And Appellee's Motion To Dismiss, Motion To Remove Allan Campbell As Counsel And Motion For Extension To File Initial Brief and states as follows:

1. Appellant has had no contact from her counsel Allan Campbell since March 2018.

2. Appellant has not received any of the Court's Orders to file the Certificate of Interested Persons and Notice of Pendency of Other Actions and did not know that the initial brief was not filed when due. Appellant relied on counsel to handle these matters.

3. Given not being able to reach Attorney Campbell, Appellant checked the Court's online docket this week and discovered all of the Court's Orders including the June 26. 2018 requiring a response to the Court by Appellant by today.

4. Appellant has filed the Certificate of Interested Persons and Notice of Pendency of Other Actions along with this Response.

5. Appellee's Motion to Dismiss is based on Appellant's failure to comply with the Court's Orders and applicable rules. Appellant retained counsel for this purpose and counsel failed to do the required work or keep Appellant informed as to what was happening in the case.

Page 1 of 2

6. Appellant did not act in bad faith in this case. Appellant retained and made payments to counsel to handle this appeal and he did not do his job.

7. See Nat'l Mortg. Co. v. Brengettcy, 223 B.R. 684 (W.D. Tenn. 1998)
Sixth Circuit decision, Rush v. McLendon, 1994 U.S. App. LEXIS 5098, Nos. 92-6687, 93-5116, 1994 WL 88829 (6th Cir. March 17, 1994), in support of its conclusion that "dismissal is usually inappropriate where the neglect is solely the fault of the attorney." 1994 WL 88829, at *4. Accordingly, the bankruptcy court found that because the default was entered due to the misconduct of debtor's attorney, rather than her own misconduct, her conduct was not culpable. 10 [**27] The court stated that "it would be particularly harsh to penalize Ms. Brengettcy because the default order will result in the loss of property," and vacated the default judgment.

WHEREFORE, Appellant requests that the Court remove Attorney Allan Campbell as Counsel for Appellant, not dismiss the appeal and grant Appellant forty-five (45) days to find new counsel and file the initial brief.

Respectfully Submitted this 6th day of July, 2018

Jodell M. Altier
913 Sycamore Lane
Altamonte Springs, Florida 22714
Altiermech@yahoo.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to parties listed below on this 6th day of July, 2018:

Gene T. Chambers, Trustee, P.O. Box 533987, Orlando, Florida 32801; U.S. Trustee, United States Trustee, Office of the United States Trustee, George C. Young Federal Building, 400 West Washington Street, Suite 1100, Orlando, Florida 32801; Justin Luna, Esq., Daniel Velasquez, Esq., Latham, Shuker, Eden & Beaudine, LLP, 111 N. Magnolia Avenue, Suite 1400, Orlando, Florida 32801 at jluna@lseblaw.com, dvelasquez@lseblaw.com;  Michael Nardella, Esq., Nardella & Nardella, PLLC, 250 East Colonial Drive, Suite 102, Orlando, Florida 32801, mnardella@nardellalaw.com.

Jodell M. Altier