# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In Re: Jodell M. Altier,

    Debtor.
_____

JODELL M. ALTIER,

           Appellant,

v.                                  Case No: 6:18-cv-438-Orl-28
                                      Bankr. Ct. Case No: 6:15-bk-01838-KSJ

GOSHEN MORTGAGE, LLC,

           Appellee.
_____

## OPINION

Appellant Jodell M. Altier appeals the bankruptcy court's order denying her Motion for Acceptance of Notice of Appeal Out of Time.[1] (See Bankr. Doc. 314). Altier seeks review of the bankruptcy court's order declining to reconsider its dismissal of her original notice of appeal and denying her request for additional time to file her notice of appeal based on excusable neglect. (See Doc. 53). Appellee Goshen Mortgage, LLC (Goshen) opposes Altier's request for further reconsideration or an extension of time. (See Doc. 55). The underlying facts of the dispute between Altier and Goshen, which are not relevant to this appeal, are fully set forth in the bankruptcy court's order. (See Bankr. Doc. 314 at 1–

---

[1] The bankruptcy court construed this motion as a Motion for Reconsideration of the Court's Order Dismissing Appeal as Untimely and Motion to Extend Time to File an Appeal. (See Bankr. Doc. 314 at 1).

4). This Court thus declines to recite them here. The Court instead focuses on the two issues discussed in the appealed bankruptcy court order.

First, Altier fails to discuss in her brief the request for reconsideration of the bankruptcy court's order dismissing her appeal as untimely.[2] She has thus abandoned that claim. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority."). Even if Altier did not abandon her reconsideration claim, she has failed to show that her request for reconsideration is justified by the discovery of new evidence, an intervening development or change in controlling law, or the need to correct clear error or prevent manifest injustice. See City of St. Petersburg, Fla. v. Wells Fargo Bank, N.A., No. 8:10–cv–693–T–TBM, 2013 WL 12155935, at *2 (M.D. Fla. Mar. 7, 2013) (describing the grounds that justify reconsideration of an order). The bankruptcy court thus did not abuse its discretion in failing to grant Altier's motion to reconsider. See Kalmanson v. Nofziger (In re Nofziger), No. 6:05-cv-1474-Orl-31DAB, 2006 WL 1360908, at *2 (M.D. Fla. May 18, 2006) (noting that district courts review bankruptcy court orders regarding Rule 59(e) motions for abuse of discretion).

Second, Altier fails to show that the bankruptcy court abused its discretion in declining to grant her an extension of time to file her notice of appeal based on excusable neglect. See Stathopolous v. Capitol Indem. Corp. (In re Steve A. Clapper & Assocs. of

---

[2] Altier's request for reconsideration is governed by the standards of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). See Kalmanson v. Nofziger (In re Nofziger), No. 6:05-cv-1474-Orl-31DAB, 2006 WL 1360908, at *2 (M.D. Fla. May 18, 2006) ("Rule 59(e)—made applicable to bankruptcy proceedings by Rule 9023 of the Federal Rules of Bankruptcy Procedure—permits courts to reconsider orders.").

Fla.), 339 B.R. 789, 793 (M.D. Fla. 2006) ("[D]ecisions concerning excusable neglect and the denial of a motion for an extension of time are reviewed for abuse of discretion."). Federal Rule of Bankruptcy Procedure 8002(d)(1)(B) permits an enlargement of time for the filing of a notice of appeal if the failure to timely file it was due to "excusable neglect." Altier argued to the bankruptcy court that the holidays, her lawyer's unforeseen medical condition, and her status as a pro se litigant all constitute excusable neglect. (Bankr. Doc. 314 at 4–6). Not so. After evaluating Altier's arguments, the factors mandated by the Supreme Court, and governing Eleventh Circuit precedent, the bankruptcy court determined that Altier failed to show excusable neglect. Altier makes the same excusable neglect arguments to this Court, and they fare no better here. Altier's proffered reasons for failing to timely file her notice of appeal do not constitute excusable neglect. The bankruptcy court thus did not abuse its discretion in declining to extend Altier's time to file her notice of appeal.

In light of the foregoing, the bankruptcy court's order denying Altier's Motion for Acceptance of Notice of Appeal Out of Time (Bankr. Doc. 314) is **AFFIRMED**. The Clerk of the Court is directed to enter judgment affirming the decision of the bankruptcy court and to thereafter close this file.

**DONE** and **ORDERED** in Orlando, Florida, on March 21st, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties